I respectfully dissent. Based on my de novo review, I would conclude Harder did not abandon the premises. I would base a reversal on several factors.
First, Harder, continued to pay real estate taxes after the fire, along with her mortgage payments and insurance.See Iowa Code § 657A.10A(3)(a). A schoolteacher by day, she took on other employment to meet this obligation, and she continued to satisfy this obligation for more than three years after the fire. As she testified, "[y]ou don't abandon a house and pay $30,000 to leave it. If you abandon a house, you stop paying."
Second, Harder, rather than the City, made efforts to maintain the property. See id. § 657A.10A(3)(g), (i). She boarded up the windows; covered the roof with tarp and planks; secured the garage; paid her nephew to mow the lawn, shovel snow, and put more locks on the house; and repaired the house following break-ins.
Third, there was no evidence of the presence of vermin, accumulated debris, or uncut vegetation. See id.
§ 657A.10A(3)(h). In fact, the City's representative testified that he had not heard of any specific complaints concerning these problems.
Fourth, Harder maintained the property without the benefit of insurance proceeds. See id. § 657A.10A(3)(k) (authorizing consideration of other relevant evidence). She testified that, despite her cooperation with the insurance
company, and despite assurances she received immediately after the fire that the house would be fixed "very soon," the insurance company had yet to make a determination on her claim. She stated the matter would not have languished for as long as it did but for the insurance company's delay in resolving the claim.
I recognize that the house deteriorated over the years despite Harder's efforts. See id. § 657A.10A(3)(e). However, Harder testified that she would have to expend $80,000 to renovate the house, a sum that was beyond her financial capacity. That left Harder in a no-win situation; she had to repair the house to make it habitable but, without a resolution of her insurance claim, she had no guarantee that she would be able to repair it. Meanwhile, she was continuing to pay for the house, routine maintenance on the house, and additional living quarters. Under these circumstances, I would conclude that the deteriorating condition of the home was a factor beyond Harder's control and not a factor that militated in favor of a finding of abandonment.
A final factor in favor of a finding that Harder did not abandon the home is her intent. Id.
§ 657A.10A(3)(k). Harder testified that she continued to use the house address as her legal address for voting purposes and, as noted, she pointed to her continued payments on the home as evidence that she did not intend to abandon the property.
Based on these factors, I would conclude that Harder did not abandon the house.
AFFIRMED.